[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 215.]

THE STATE OF OHIO, APPELLEE, *v.* WHITING, APPELLANT.

[Cite as *State v. Whiting*, 1998-Ohio-575.]

*Criminal law—Indictment properly dismissed by trial court when defendant presents evidence establishing substantial prejudice resulting from preindictment delay and state fails to produce evidence of a justifiable reason for the delay.*

(No. 97-2162–Submitted October 13, 1998–Decided December 30, 1998.)

APPEAL from the Court of Appeals for Miami County, No. 96-CA-13.

_____

{¶ 1} Deborah L. Prince was found dead in an Ohio cemetery in 1981. Though the police investigation pointed to Terry Lee Whiting, Prince's live-in boyfriend, he was not indicted for the murder until fourteen years later.

{¶ 2} Whiting moved to dismiss the indictment, arguing that the fourteen-year preindictment delay substantially prejudiced his defense and that the state had no justifiable reason for the delay. At the hearing on the motion, Whiting offered evidence that the loss of crucial exculpatory physical evidence prejudiced his ability to defend against the charge. Whiting also argued that potential defense witnesses had died, had suffered mentally debilitating illnesses, or could not be located. The state cross-examined witnesses and offered two exhibits on the issue of prejudice, but neither the state nor Whiting presented evidence about the reason for the fourteen-year delay.

{¶ 3} The trial court permitted both parties to file posthearing memoranda regarding the motion to dismiss. In his memorandum, Whiting contended that his motion should be granted because he had demonstrated substantial prejudice arising from the delay and the state had failed to offer any justification for its delay in indicting him. The state, however, argued that the burden was on Whiting to show

that the period of delay was unjustifiable and that Whiting had "presented absolutely no evidence as to the reasons for the delay in the indictment."

{¶ 4} The trial court overruled Whiting's motion to dismiss, holding that Whiting bore the burden of going forward not only to show substantial prejudice from the delay, but also to show negligence or bad faith on the part of the state. The trial court found that, although Whiting had demonstrated actual substantial prejudice, he had presented no evidence to establish the state's negligence or bad faith.

{¶ 5} At the ensuing trial, the jury failed to return a verdict, and the trial court declared a mistrial. At that juncture, the trial court agreed to reconsider Whiting's motion to dismiss.

{¶ 6} On reconsideration, with the benefit of the testimony from the hearing, the evidence from trial, and the parties' memoranda, the trial court granted Whiting's motion to dismiss. This reconsidered decision set forth a different burden-shifting scheme than the court used for its initial decision when it denied the motion to dismiss. Citing cases from the United States Supreme Court and the Supreme Court of Ohio, the trial court determined that after a defendant establishes actual prejudice, the state has the burden to submit a justifiable reason for a delay. The trial court found that Whiting had produced evidence demonstrating actual substantial prejudice as a result of the delay and that the state had failed to produce any evidence to explain the delay.

{¶ 7} On appeal, the state argued that the trial court erred in dismissing the indictment because the burden of producing evidence that the delay was unjustifiable was on Whiting. The state argued alternatively that, even if the burden was on the state, the state justifiably relied, to its detriment, on the trial court's contrary decision earlier in the case that Whiting had the burden, and the state therefore should have another chance to explain the delay on remand for a new trial.

2

{¶ 8} The Miami County Court of Appeals determined that the only point in dispute on appeal was which party bears the burden to demonstrate a justifiable reason for a delay between the commission of an offense and an indictment and concluded that the state, in fact, does have the burden. The court of appeals, however, additionally decided that, because the trial court led the state to understand that the burden was Whiting's, the matter should be remanded to provide the state an opportunity to meet its burden. The court of appeals, therefore, reversed the trial court's judgment and remanded the case, stating: "On rehearing, the State will have the burden of producing evidence showing why the pre-indictment delay occurred, but the burden remains on Whiting to persuade the court that the delay was unjustifiable."

{¶ 9} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*James D. Bennett*, Miami County First Assistant Prosecuting Attorney, for appellee.

*Sirkin, Pinales, Mezibov & Schwartz, Martin S. Pinales* and *John Feldmeier*, for appellant.

_____

**Cook, J.**

{¶ 10} We confirm today our earlier pronouncement in *State v. Luck* (1984), 15 Ohio St.3d 150, 15 OBR 296, 472 N.E.2d 1097, that where a defendant moves to dismiss an indictment and presents evidence establishing substantial prejudice resulting from preindictment delay, the state bears the burden of producing evidence of a justifiable reason for the delay. According to the *Luck* burden-shifting analysis, the trial court here erred when it denied defendant's motion to dismiss. Because the evidence presented at the hearing on the motion entitled the defendant to a dismissal of the indictment, the later proceedings in this case do not

support a reversal and remand to allow the state another opportunity to submit evidence to the court of a justifiable reason for the fourteen-year delay.

{¶ 11} In *Luck*, this court used the test set forth in *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, and *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, to determine when an indictment should be dismissed due to an unreasonable preindictment delay. *Luck*, 15 Ohio St.3d at 153-154, 157-158, 15 OBR at 299, 302-303, 472 N.E.2d at 1102, 1104-1105. The *Lovasco* court burdened the defendant with establishing actual prejudice from the delay and charged the government with the burden of producing evidence of a justifiable reason for the delay. Accordingly, *Luck* requires first that the defendant produce evidence demonstrating that the delay has caused actual prejudice to his defense. *Luck*, 15 Ohio St.3d at 157-158, 15 OBR at 302-303, 472 N.E.2d at 1104-1105. Then, after the defendant has established actual prejudice, the state must produce evidence of a justifiable reason for the delay. *Id.* at 158, 15 OBR at 303, 472 N.E.2d at 1105. "[T]he prejudice suffered by the defendant must be viewed in light of the state's reason for the delay." *Id.* at 154, 15 OBR at 299, 472 N.E.2d at 1102, citing *Lovasco*, 431 U.S. at 789-790, 97 S.Ct. at 2048-2049, 52 L.Ed.2d at 758-759. This court has not disturbed the test utilized in *Luck*, and it is well-settled law in Ohio courts.[1]

{¶ 12} Despite the teachings of *Luck*, the state did not present any evidence at the hearing of a justifiable reason for its delay in indicting Whiting. In its posthearing memorandum, the state argued, against established law, that Whiting had the burden to explain the delay. It was at that point that the trial court should

---

1. See, *e.g.*, *State v. Ellis* (May 30, 1997), Montgomery App. No. 15963, unreported, 1997 WL 282313; *State v. Davis* (Apr. 15, 1997), Richland App. No. 96-CA-78, unreported, 1997 WL 219180; *State v. Glazer* (1996), 111 Ohio App.3d 769, 677 N.E.2d 368; *State v. Doksa* (1996), 113 Ohio App.3d 277, 680 N.E.2d 1043; *State v. Stickney* (Dec. 7, 1994), Montgomery App. No. CA 14232, unreported, 1994 WL 680159; *State v. Burrell* (Apr. 28, 1989), Portage App. No. 1948, unreported, 1989 WL 42980; *State v. Smith* (Feb. 19, 1985), Franklin App. No. 84AP-785, unreported, 1985 WL 9873.

have dismissed the indictment because it found, in accordance with *Luck*, that Whiting had demonstrated actual substantial prejudice. With that finding and with no evidence from the state explaining the delay, the defendant was entitled to a dismissal. Because the court eventually properly dismissed the indictment, albeit after a mistrial, that dismissal should be affirmed.

{¶ 13} The state persuaded the court of appeals, however, that the initial erroneous ruling by the trial court regarding the burden of going forward misled the state in the succeeding proceedings and that the trial court's judgment therefore should be reversed and the case remanded for a new hearing. But since the state's misstep on the production of evidence occurred *before* the trial court expressed its view that the state had no burden of going forward, the state may not claim to have been misled by the court's erroneous ruling. The state rested at the hearing without offering the evidence required by *Luck* to counterbalance defendant's showing of prejudice resulting from the delay.

{¶ 14} Accordingly, we reverse the judgment of the court of appeals and reinstate the trial court's dismissal of Whiting's indictment.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

———————————