OPINION
The state of Ohio appeals the decision of the Clinton County Court of Common Pleas dismissing the indictment against defendant-appellee, Mitchell R. Gulley, for aggravated murder.
At approximately 4:05 to 4:15 p.m. on June 24, 1984, Tracey Ross was shot and killed in his car on Roshon Road, just outside of Sabina, Clinton County, Ohio. Appellee was the immediate suspect, because he and Ross had a long-standing feud concerning Sylvia Pendleton, appellee's then-girlfriend. Pendleton was a former girlfriend of Ross. Appellee and Ross worked together in Sabina and had threatened one another at work.
Appellee was questioned for eight hours by the Clinton County Sheriff's Office the night of Ross' murder. Appellee was questioned at later times and performed at least three polygraph tests, which were inconclusive. Appellee denied killing Ross. He claimed that he was on his way to or in Washington Court House, Clinton County, Ohio at the time of the murder.
The investigation was headed by Deputy Michael Cluxton and Deputy Tim Smith. Numerous witnesses gave written statements to the deputies. These witnesses elaborated on the hostility between appellee and Ross and the threats that the men had made against one another. The witnesses placed appellant driving behind Ross in Sabina as they were leaving work and near Roshon Road just before the time of the killing.
Then-Sheriff Pat Haley and Colonel Ralph Fizer, Sr., a senior deputy, oversaw the investigation. Then-Clinton County prosecutor Ron Carey received reports from the Sheriff's Office concerning the investigation. Although there was substantial circumstantial evidence against appellee, the murder weapon was not found, and it was decided that there was insufficient evidence to convict appellee. No charges were brought at that time.
In 1989, the Sheriff's Office received a fax from the Cobb County, Georgia, Police Department consisting of the transcribed statement of Stephen Cobb. Appellee and Cobb had lived together in Cobb County in 1987. Cobb claimed that appellee boasted that he had killed a man in Ohio because the man had "messed with" Pendleton. Pendleton confirmed this story to Cobb's then-wife. Dep. Cluxton gave the faxed statement to the prosecutor's office, but no action was taken.
In 1991, Ralph Fizer, Sr. was elected sheriff. In 1993, William E. Peelle was elected county prosecutor. In 1997, Deputy Brian Edwards was given the case file for the Ross murder, which had remained open, and was told to re-investigate the case. Edwards was aided by Detective William Hidy. The case file contained the written statements of the original witnesses, police and forensics reports, and Cobb's faxed statement. Edwards re-interviewed witnesses, comparing their recollections against their earlier statements. Edwards and Hidy interviewed Cobb at his residence in Florida.
On June 24, 1998, a grand jury was convened. On June 26, 1998, the grand jury filed an indictment against appellee, charging one count of aggravated murder in violation of R.C.2903.01(A). Appellee's counsel filed various discovery motions and a motion to dismiss the indictment due to pre-indictment delay. Over a number of months, the trial court held hearings on appellee's motion to dismiss the indictment. Persons involved in both the original and recent investigations testified, as well as two of the original witnesses and appellee's mother.
In his motion and at the hearings, appellee contended that he had been prejudiced by the fourteen year delay in indicting him. Appellee contended that specific pieces of evidence beneficial to him were missing, without justifiable reason, due to the negligence or bad faith of the Sheriff's Office and/or the Prosecutor's Office. This missing evidence included videotaped statements by witnesses, alleged written and videotaped statements given by appellee to the police, and the notes of the investigating officers.
Additionally, appellee contended that the investigating officials failed to obtain a copy of sworn testimony he had given concerning the murder. Approximately one month after the murder, appellee filed a criminal complaint in Wilmington, Clinton County, Municipal Court against Richard Livingston. Appellee testified against Livingston. On cross-examination, appellee was questioned about the Ross murder. Appellee denied any involvement in the killing.
In support of this contention, appellee presented Dennis Pusateri, the attorney who represented Livingston and cross-examined appellee as a witness in the Livingston trial. Pusateri testified that, before cross-examining appellee, he was approached by Deputies Cluxton and Smith, who asked him to question appellee about the murder. Although Pusateri was unsure whether Cluxton and Smith remained in the courtroom, appellee contended that they did stay, and that they were joined by Sheriff Haley. The tape of this testimony was never subpoenaed, and it has since been destroyed.
Most important, appellee contended that the state either lost or never subpoenaed his time card from work, thus preventing him from being able to prove an essential part of his alibi. Appellee argued that he left work ten minutes later than the time given by many witnesses, and that, as a result, he did not have time to kill Ross. The time card was never sought by the authorities and the employer has since destroyed the card.
On February 3, 1999, the trial court filed an opinion and entry dismissing the indictment against appellant. In its entry, the trial court noted that videotaped statements had either been lost or destroyed, that there were no records or notes concerning the questioning of appellant, even though some of these sessions were lengthy, and that the time card was either missing or destroyed. The trial court noted that the investigating officers had no notes by which to refresh their recollections of the investigation. The trial court found that the state's case in 1989 was the same as in 1998 when appellee was indicted. The trial court ruled that appellee had provided substantial evidence showing that he had suffered actual substantial prejudice and that the state had no justifiable reason for the delay in seeking an indictment. The state appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS HIS INDICTMENT FOR AGGRAVATED MURDER BASED UPON PRE-INDICTMENT DELAY.
In its sole assignment of error, the state contends that the indictment against appellee should not have been dismissed. The state argues that appellee failed to demonstrate that he suffered substantial prejudice as a result of the delay in the indictment. The state argues that the fact that evidence is missing creates a fact question concerning appellant's alibi.
A delay in commencing the prosecution of a defendant may violate that defendant's rights to due process. United States v.Lovasco (1977), 431 U.S. 783, 97 S.Ct. 2044; State v. Luck (1984),15 Ohio St.3d 150, paragraph two the syllabus, certiorari denied (1985), 470 U.S. 1084, 105 S.Ct. 1845, rehearing denied,471 U.S. 1095, 105 S.Ct. 2170. When a defendant moves to dismiss an indictment due to pre-indictment delay, the initial burden is upon the defendant to present evidence establishing that his defense at trial has been substantially prejudiced. Should the defendant present such evidence, the burden shifts to the state to produce evidence of a justifiable reason for the delay. State v. Whiting
(1998), 84 Ohio St.3d 215, 217. When a defendant asserts that pre-indictment delay violates his rights to due process, prejudice may not be presumed from a lengthy delay. United States v. Crouch
(C.A.5, 1996), 84 F.3d 1497, 1515, certiorari denied (1997), ___ U.S. ___, 117 S.Ct. 736.
In proving substantial prejudice, the defendant must show the exculpatory value of the alleged missing evidence. United Statesv. Doerr (C.A.7, 1989), 886 F.2d 944, 964. "The prejudice suffered by the defendant must be viewed in light of the state's reason for the delay." Whiting, 84 Ohio St.3d at 217, quotingLuck, 15 Ohio St.3d at 154. Any claim of prejudice, such as lost evidence or faded memories, must be balanced against the other evidence in the case in order to determine whether the defendant will suffer actual prejudice at trial. Id., citing United Statesv. Marion (1971), 404 U.S. 307, 326, 92 S.Ct. 455, 466, and UnitedStates v. McDonald (1982), 456 U.S. 1, 102 S.Ct. 1497.
In the instant case, appellee points to missing evidence as proof that his defense at trial will be substantially prejudiced. Appellee asserts that the state had in its possession the same evidence in 1989 that it presented to the grand jury in 1998, and that there was no justifiable reason for not seeking an indictment in 1989.
Although the videotaped statements of witnesses are missing, the police records include the witnesses' original written statements. All but one of the original witnesses are available, and the police have recent statements which may be compared to the original statements. Appellee's argument that the videotaped statements may contain inconsistent statements is nothing more than mere speculation. Appellee can thoroughly examine these witnesses based upon both their earlier and more recent statements and use any faded memory to discredit the accounts of these witnesses.
The same holds true for the investigatory notes of Deputies Cluxton and Smith. Although the deputies' notes are missing, the summaries which they prepared as part of the investigation are included in the police files. Additionally, the forensic reports and written witness statements which the officers used are available. Again, any lapses in the deputies' memory may be used to discredit their investigation of the Ross murder.
The fact that the notes and videotaped statements are missing could prove to be more detrimental to the state than appellee at trial. See State v. Loomer (Sept. 28, 1995), Cuyahoga App. No. 68103, unreported. Furthermore, appellee has not shown, other than by speculation, that these notes or videotaped statements are exculpatory. Rather, appellee seeks them to attack the credibility of the witnesses' accounts. Prejudice will not be found due to the lack of non-exculpatory evidence. State v. Heath
(Feb. 3, 1997), Warren App. No. CA96-04-035, unreported, motion to file delayed appeal denied, 79 Ohio St.3d 1420; State v.Christman (May 28, 1999), Monroe App. No. 786, unreported, appeal dismissed, 87 Ohio St.3d 1405.
We are more disturbed that appellee's prior statements, prior testimony, and time card are missing. Even so, we are compelled to find that appellee is not substantially prejudiced by their loss. Appellee claims that the written statements and testimony would provide prior consistent statements in support of his alibi. As appellee's own argument makes clear, if these items were available, appellee's testimony would be more credible, but appellee has not shown that the prior consistent statements would be exculpatory.
Although the time card being lost is more prejudicial to appellee, in light of other evidence which the parties may present at trial, appellee is not so prejudiced as to require that the indictment against him be dismissed. The time card would provide the time which appellee left work. Appellee argues that he left work at 4:10 p.m., and the state argues that he left work at 4:00 p.m. Appellee claims to have a witness who places him in Washington C.H. at 4:35 p.m., and the state has a witness who claims that appellee's alibi witness was not in Washington C.H. at that time. The state has numerous witnesses who place appellee following Ross just before the murder. Two of these witnesses place appellee near the murder scene just moments before the murder.
This simple outline of the evidence presented in the witness statements makes clear that even should appellee prove both of the times he claims establish his alibi, the state has evidence which infers that appellee could have killed Ross. This evidence creates a question for the fact finder to resolve, namely, whether appellee's asserted alibi exculpates him.
Appellee argues that the missing evidence, especially the time card, precludes him from presenting sufficient evidence to establish his alibi. He argues that the reason that the evidence is missing is due to the action — or inaction — of the state. Under the facts presented in this case, why the evidence is missing and what the evidence would have demonstrated are issues relevant to trial. These are issues that the trial court should allow appellee to argue vigorously. Additionally, the trial court may grant appellee substantial latitude in cross-examining the state's witness and in presenting his own evidence and testimony.
This case is not comparable to cases finding substantial prejudice. In those cases, lost witnesses and physical evidence would have proven the defendant's asserted defense. Luck,15 Ohio St. 3d at 154 (key witnesses had died and all witness statements were lost); State v. Doska (1996), 113 Ohio App.3d 277,281 (key witness and defendant could not recall activities on date of offenses). In those cases, the missing witnesses or evidence demonstrated that the defendant either did not or could not have committed the alleged offense. In the instant case, the missing evidence, although possibly supporting appellee's alibi, does not necessarily exculpate appellee. It only attacks the credibility of the state's evidence, a matter best left for trial.
Our opinion in no way is a comment upon appellee's defense. We are not suggesting how the fact finder should resolve questions regarding the state's evidence or appellee's defense. Should the fact finder believe the alibi asserted by appellee, the fact finder may believe it fully exculpates him. Likewise, the fact finder is entitled to find that appellee left work when he claims, but that the state's evidence shows that he did kill Ross. The fact finder may also completely disbelieve appellee's alibi.
We find that the trial court erred in finding that appellee suffered substantial prejudice from the delay in his indictment. Accordingly, the state's assignment of error is well-taken.
Judgment reversed and remanded for further proceedings.
POWELL, P.J., and WALSH, J., concur.