DECISION AND JOURNAL ENTRY
Defendant, Shawn Earley, has appealed from a judgment of the Wayne County Common Pleas Court that found him guilty of one count of carrying a concealed weapon, in violation of R.C. 2923.12. This Court affirms.
 I.
On November 21, 1998, at 1:30 a.m., Sergeant Kurt Garrison of the Wayne County Sheriff's Department observed Lloyd Butcher's vehicle on Old Columbus Road. At the time, Defendant was a passenger in the vehicle. While following the vehicle, Sergeant Garrison noticed that, within the span of less than a mile, the vehicle's tires crossed over the fog line approximately three times. A few seconds later, he observed the vehicle making a right turn onto a separate roadway without displaying a turn signal. As a result of his observations, Sergeant Garrison initiated a traffic stop.
Because the traffic violations that he had witnessed were indicative of impaired driving, Sergeant Garrison asked Butcher if he had consumed any alcohol. After Butcher replied that he had not, Sergeant Garrison asked him to step out of the vehicle to perform field sobriety tests. When Butcher exited the vehicle, Sergeant Garrison noticed that he was wearing a long black leather coat that could easily conceal a weapon. As a safety measure, Sergeant Garrison conducted a pat down frisk of Butcher. During the pat down, Sergeant Garrison discovered that Butcher was wearing an empty "pistol type shoulder holster" under his coat.
After discovering the empty shoulder holster, Sergeant Garrison became aware of the possibility of a weapon in the vehicle. Sergeant Garrison asked Butcher if he could search the vehicle, and Butler consented to the search. Sergeant Garrison asked Defendant to exit the vehicle and, for his own safety, conducted a pat down frisk of Defendant.
While searching the vehicle, Sergeant Garrison found a small "pancake holster," a type of holster normally used for concealing a weapon, and used .357 shell casings on the passenger's side front floorboard. Sergeant Garrison also noted the odor of marijuana in the vehicle and found what appeared to be burnt marijuana in the ashtray. Because the console between the front seats was locked, Sergeant Garrison asked Butcher if he had the key. Butcher originally denied having a key, but later informed Sergeant Garrison that there were two handguns in the console and that the ignition key would open it. A search of the console uncovered two handguns. While Sergeant Garrison was securing the handguns, Defendant offered that he was the owner of both handguns.
Defendant and Butcher were each charged in the Wayne County Municipal Court with one count of improper handling of a firearm in a motor vehicle. On January 11, 1999, Butcher, proceeding prose, underwent trial in the municipal court. Defendant testified at Butcher's trial that the two handguns found in Butcher's vehicle were his. Butcher was later convicted and sentenced.
In his own municipal court case, Defendant filed a motion to suppress, which was heard on February 1, 1999. The municipal court denied the motion. The prosecutor asked Defendant if he intended to plead guilty to the misdemeanor charge because, if he did not plead guilty, the misdemeanor charges would be dismissed, and the case would be submitted to the grand jury for indictment on felony charges. Defendant informed the prosecutor that he would not plead guilty; therefore, the municipal charges were dismissed.
On February 17, Defendant was indicted by the Wayne County Grand Jury on two counts of carrying a concealed weapon, in violation of R.C. 2923.12 and two counts of having a weapon while under disability, in violation of R.C. 2923.13. Defendant filed a motion to suppress and a motion to dismiss for pre-indictment delay in the common pleas court. On August 24, 1999, the common pleas court held a hearing on Defendant's motion to suppress. Subsequently, both of Defendant's motions were overruled. Defendant entered a no-contest plea to one count of carrying a concealed weapon, in violation of R.C. 2923.12. The common pleas court found him guilty and sentenced him. Defendant has timely appealed, asserting three assignments of error.
 II. A. It was error for the trial court to deny Defendant's motion to suppress for lack of an articulable reason to stop the vehicle in which he was a passenger.
 In his first assignment of error, Defendant has asserted that the trial court erred when it denied his motion to suppress the evidence obtained as a result of the stop of Butcher's vehicle. Specifically, he has asserted that the stop was unreasonable because Sergeant Garrison lacked a reasonable articulable suspicion to initiate the traffic stop. This Court disagrees.
The determination of whether probable cause existed for a traffic stop is a mixed question of law and fact; therefore, this Court will review the determination de novo. State v. Gibson
(July 7, 1999), Lorain App. No. 97CA006967, unreported, at 4. A traffic stop based on probable cause that a traffic violation has occurred or was occurring is "not unreasonable under theFourth Amendment to the United States Constitution even if the officer has some ulterior motive for making the stop[.]" Dayton v.Erickson (1996), 76 Ohio St.3d 3, syllabus. "Probable cause exists when the known facts and circumstances are sufficient to warrant a reasonable person in the belief that a crime has been committed." Gibson, supra, 3-4, citing Ornelas v. United States
(1996), 517 U.S. 690, 696, 134 L.Ed.2d 911, 918.
At the suppression hearing, Sergeant Garrison testified that, while he was following the vehicle, Butcher committed two traffic violations. By crossing over the fog line, Defendant violated R.C. 4511.33(A). That statute mandates that a person drive a vehicle within a single marked lane and avoid any abrupt changes, such as weaving, until these changes can be made with safety. R.C. 4511.33(A); State v. Eastep (Mar. 22, 2000), Summit App. No. 19703, unreported, at 4. Additionally, Defendant violated R.C.4511.39 when he failed to use his turn signal. R.C. 4511.39
mandates that, prior to moving or turning right or left, a person must exercise due care to ensure that the move or turn can be made safely and must use an appropriate signal.
Defendant has contended that the crosses over the fog line were miniscule and that no other traffic was present; therefore, it did not rise to the level of a violation. Additionally, Defendant has contended that a turn signal was not required because he remained on a straight-ahead course. With respect to the violation of R.C. 4511.33(A), this Court has previously recognized that a police officer's observation of a person weaving within a single lane is justification for a traffic stop. Id. With respect to the violation of R.C. 4511.39, Sergeant Garrison testified that he was following Defendant on Old Columbus Road. At the Blanchleyville Road intersection, Old Columbus Road forks. Old Columbus Road curves to the left, and Blanchleyville Road veers to the right. Sergeant Garrison testified that Defendant failed to signal when he turned right onto Blanchleyville road. As such, Defendant violated R.C. 4511.39.
In regard to traffic stops, when an appellate court determines that an officer made a stop based on probable cause that a traffic violation has occurred or was occurring, the court need not address an appellant's assertions that the officer lacked reasonable suspicion to make the stop. See Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 11, fn. 2. Therefore, because Sergeant Garrison had probable cause to stop Butcher's vehicle, the trial court did not incorrectly deny Defendant's motion to suppress. Defendant's first assignment of error is overruled.
 B. It was error for the trial court to deny Defendant's motion to suppress in the absence of any articulable reason of suspicion the search of the parties' vehicle.
 In his second assignment of error, Defendant has asserted that the evidence should have been suppressed because the search of Butcher's vehicle was unreasonable. Specifically, he has asserted that Sergeant Garrison lacked articulable suspicion to search the vehicle. He has further asserted that the search was unreasonable because Butcher's consent to the search of the vehicle was not voluntary.
This Court must first determine whether Defendant has standing to challenge the search of Butcher's vehicle. Passengers in a vehicle have standing to challenge the legality of a stop because when the vehicle is stopped, their freedom of movement is affected; therefore, when the vehicle is stopped, the passengers are seized. State v. Carter (1994), 69 Ohio St.3d 57, 63. Because this Court has already determined that Sergeant Garrison had probable cause to search Butcher's vehicle, the issue is limited to whether Defendant had standing to challenge the search of a vehicle that had been lawfully stopped. This Court concludes that he did not.
In Rakas v. Illinois (1978), 439 U.S. 128, 58 L.Ed.2d 387, the United States Supreme Court had to determine whether the defendants, who were passengers in a lawfully stopped vehicle had standing to challenge the search of that vehicle. The Court noted that:
 A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.
 Id. at 134, 58 L.Ed.2d at 395. In order for a defendant to show a violation of his Fourth Amendment rights, he or she must show that the search infringed upon his legitimate expectation of privacy. Id. at 143, 58 L.Ed.2d at 401. The Court determined that the defendants asserted neither a property nor a possessory interest in the automobile, nor an interest in the property that had been seized. Id. at 148, 58 L.Ed.2d at 404. Further, the Court noted the defendants failed to establish that they had a legitimate expectation of privacy in the glove compartment or area under the seat of the car in which they were merely passengers. Id.
In this case, the handguns were found in the locked console between the driver's seat and the passenger's seat. The only connection between the console and Defendant was that Defendant was a passenger in the car and that he kept his handguns in there. Defendant did not have exclusive control of the console, did not have a key to the console, and did not have any other way of accessing it. See State v. Kelly (Mar. 25, 1998), Medina App. No. 2670-M, unreported at 9. Defendant's status as a passenger in the vehicle was insufficient to establish that Defendant had a legitimate expectation of privacy in the console. See Rakas, at 148, 58 L.Ed.2d at 404. As such, Defendant does not have standing to challenge the validity of the search of Butler's vehicle. Accordingly, Defendant's second assignment of error is overruled.
 C. It was error for the trial court to deny Defendant's motion to dismiss for pre-indictment delay in indicting him for a felony of carrying a concealed weapon.
 In his third assignment of error, Defendant has asserted that the State lacked a justifiable reason for the delay in seeking an indictment of Defendant. Specifically, Defendant has contended that the delay was a tactical maneuver by the State to gain evidence that Defendant was the owner of both handguns. Defendant has asserted that, because he had not been indicted, he admitted in Butler's trial that he owned both handguns. Defendant concludes that, as a result of that admission, he was prejudiced. This Court disagrees.
When there has been an unjustifiable delay between the commission of an offense and a defendant's indictment for that offense that results in actual prejudice to that defendant, Defendant's right to due process under Section 16, Art. I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution have been violated. State v. Luck
(1984), 15 Ohio St.3d 150, paragraph two of the syllabus. When determining whether an indictment should be dismissed due to an unreasonable preindictment delay, the defendant has the initial burden of producing evidence to demonstrate that the delay has caused actual prejudice to the defense. State v. Whiting (1998),84 Ohio St.3d 215, 217. After the defendant establishes actual prejudice, the state has the burden of proving evidence of a justifiable reason for the delay. Id.
Defendant has failed to meet the first prong of the test; therefore, the burden did not shift to the State to present evidence of a justifiable reason for the delay. Defendant has failed to present evidence demonstrating that the delay caused actual prejudice. Defendant committed the offenses with which he was charged on November 21, 1998, and he was indicted on February 17, 1999 for those offenses. He has failed to show that any important evidence was lost or that any witness became unavailable during the three-month delay. His only assertion of actual prejudice was the fact that during the three-month delay he admitted that he owned the handguns.
Defendant has asserted that if he knew he was going to be indicted, he would not have testified that he was the owner of the handguns. Assuming, for the sake of argument, that Defendant's admission at Butcher's trial did result in actual prejudice, Defendant had previously admitted that he owned the handguns prior to Butcher's trial. After the handguns had been discovered in Butcher's car, Defendant admitted to Sergeant Garrison that he owned the handguns. Therefore, his admission was not the result of the delay.
Further, when Defendant did admit to being the owner of the handguns under oath in court, his counsel was present. Defendant and his counsel were on notice that the statements he made under oath at his co-defendant's suppression hearing could be used against him in the subsequent prosecution of the misdemeanor charges pending against him. The fact that the statements were used against him in the prosecution for subsequent felony charges does not establish actual prejudice as a result of the three-month delay. Accordingly, Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ BETH WHITMORE
SLABY, P.J., CARR, J., CONCUR.