[Cite as *State v. Smith*, 2016-Ohio-7893.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104203**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY SMITH

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586653-A

**BEFORE:** McCormack, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 23, 2016

**ATTORNEY FOR APPELLANT**

Steven J. Moody
3751 Prospect Ave., 3d Floor
Cleveland, OH 44115


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Denise J. Salerno
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant Anthony Smith appeals from his conviction for rape, kidnapping, and aggravated burglary. For the reasons that follow, we affirm.

**{¶2}** On June 19, 2014, Smith was indicted on charges of rape, kidnapping, and aggravated burglary, which stemmed from an incident that occurred approximately 19 years earlier, on October 18, 1995. Smith filed a motion to dismiss the indictment, claiming due process and speedy trial violations.[1] The state opposed the motion and requested a hearing. Thereafter, the court held a hearing on the motion.

**{¶3}** At the hearing, the state presented the following: the original police report in this matter; a CODIS Match Memorandum from the Bureau of Criminal Investigation ("BCI"); notification from the forensic lab concerning fingerprint identification; and the testimony of Sahir Hasan, former detective with the Cleveland police department and current investigator with the Cuyahoga County Prosecutor's Office Cold Case CODIS Unit. Investigator Hasan is part of the Sexual Assault Kit ("SAK") unit.

---

[1] Smith alleges in his motion to dismiss that the 19-year delay between the alleged offense and the indictment was a due process violation, based upon preindictment delay, and it violated his speedy trial rights. However, the trial court declined to analyze Smith's speedy trial claim, noting that Smith was not the subject of an official prosecution during the delay between the alleged offenses and the filing of the indictment and Smith's speedy trial argument was "part and parcel" of his preindictment delay argument. Likewise, on appeal, Smith makes no separate argument for a speedy trial violation. Rather, his claim on appeal is based solely on preindictment delay. We therefore decline to address Smith's speedy trial rights in this appeal, as well.

{¶4} According to the original police report, N.R. was home alone when a male, who was a stranger to N.R., knocked on her door and expressed an interest in renting an apartment in her building. N.R. assisted the male in obtaining the landlord's information. Thereafter, the male asked to use N.R.'s restroom, and she obliged. The male used the restroom and then asked N.R. for something to drink. N.R. gave him a glass of grape juice. After obtaining the glass of grape juice, the male grabbed a steak knife and held it to N.R.'s neck. He then forced her into her bedroom, where he removed N.R.'s clothing. The male punched N.R. several times, cut her wrist with the knife, and attempted to gag her with a scarf. The male raped N.R., placed the knife and the scarf in his jacket, and left the scene. N.R. screamed for help once the male left. N.R. reported the rape to the police, and she went to the hospital, where a rape kit was completed.

{¶5} Investigator Hasan testified that his duties as investigator included reviewing original documents and police reports in this case. In the course of his review, Investigator Hasan learned that on October 18, 1995, N.R. reported that she had been raped in her home at approximately 9:30 a.m. He noted that no suspect had been identified in the case; however, fingerprints were lifted from the scene in 1995. The fingerprints were placed into the Automated Fingerprint Identification System ("AFIS") in 1995, but there was no match. Thus, there was still no suspect identified. Investigator Hasan testified that the one witness identified in the police report whom he interviewed was unable to provide any valuable information concerning the suspect.

And, in fact, the witnesses listed on the original police report had provided no information on the suspect at the time of the assault. With no suspect and no additional information, the case went cold.

{¶6} In October 2013, this case was reopened and Investigator Hasan was assigned. Thereafter, N.R.'s rape kit was submitted to BCI for examination. In November 2013, BCI notified the Cleveland police in a CODIS Match Memorandum that DNA samples from N.R.'s rape kit matched the DNA of Anthony Smith, who was a Michigan offender. According to Investigator Hasan, Smith's Michigan case occurred in 2010 or 2011. As a result of receiving this information, Investigator Hasan continued his investigation. During his investigation, Investigator Hasan learned that fingerprints were recovered from the scene. He re-submitted the latent prints to the forensic lab. This time, AFIS matched the fingerprint lifted from the drinking glass to Anthony Smith.

{¶7} During this later investigation, Investigator Hasan located and interviewed N.R. regarding the incident. N.R.'s statement was consistent with her 1995 account. When presented with a photo lineup, however, she was not able to make an identification. Investigator Hasan also noted that photographs of the scene were taken in 1995. He was able to review those photographs during his investigation. The state subsequently indicted Smith within the statute of limitations.

{¶8} After the hearing, the trial court issued an order denying Smith's motion. The trial court determined that Smith had not established actual and substantial prejudice, stating that Smith's arguments "concerning faded memories and the purported

unavailability of unidentified 'key witnesses' amount to little more than speculation," and his argument concerning the destruction of evidence "fails to even hint at what value such evidence might have." The court further found that even if Smith had established actual prejudice, the state satisfied its burden of producing evidence of a justifiable reason for delay. The court noted that although the state had the DNA and the fingerprint evidence in its possession since 1995, "the reasons for the delay qualify as investigative, and [they] were not an attempt to gain a tactical advantage or the result of negligence or error in judgment."

{¶9} On February 3, 2016, a jury convicted Smith of rape in violation of R.C. 2907.02(A)(2), kidnapping in violation of R.C. 2905.01(A)(4), and aggravated burglary in violation of R.C. 2911.11(A)(1). The trial court sentenced Smith to 11 years in prison for the rape, which was merged with the kidnapping charge, and 11 years on the aggravated burglary. The court ordered the sentences to be served consecutively to each other and consecutively to his sentence imposed in a Michigan case.

{¶10} Smith now appeals. In his sole assignment of error, Smith claims the trial court erred in denying his motion to dismiss based upon preindictment delay. Specifically, Smith contends that he was prejudiced by the unjustified 19-year delay between the alleged offenses and the filing of the indictment.

{¶11} The statute of limitations for a criminal offense is a defendant's primary protection against overly stale criminal charges. *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In some circumstances, however, the Due

Process Clause of the Fifth Amendment provides limited protection against preindictment delay. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law * * *." *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.

**{¶12}** The Ohio Supreme Court recently reiterated the "firmly established" burden-shifting framework courts apply to determine whether preindictment delay constitutes a due process violation in *State v. Jones*, Slip Opinion No. 2016-Ohio-5105, ¶ 13. "Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Id.*, citing *State v. Whiting*, 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998); *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 99. A court must therefore determine whether the defendant demonstrated "actual prejudice to his ability to defend himself" before it determines whether the state demonstrated a justifiable reason for the delay. *State v. Richardson*, 8th Dist. Cuyahoga No. 103925, 2016-Ohio-5843, ¶ 9, citing *Jones* at ¶ 16-18, 29. Where a defendant has failed in his burden, the courts need not consider any reasons for the delay. *Richardson*, citing *Adams* at ¶ 107.

**{¶13}** In *Jones*, the Ohio Supreme Court also reviewed the appropriate standard for determining actual prejudice, which involves "a delicate judgment" and a "case-by-case consideration" of the particular circumstances. *Jones* at ¶ 20; *State v.*

*Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52; *Marion*, 404 U.S. at 325, 92 S.Ct. 455, 30 L.Ed.2d 468. A reviewing court must scrutinize a defendant's claim of prejudice "vis-à-vis the particular evidence that was lost or unavailable as a result of the delay and, in particular, consider[] the relevance of the lost evidence and its purported effect on the defense." *Jones* at ¶ 23.

{¶14} Actual prejudice exists "when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense." *Jones* at ¶ 28, citing *Luck*, 15 Ohio St.3d at 157-158, 472 N.E.2d 1097 (1984). A determination of actual prejudice necessarily requires a balancing test, where the prejudicial factors, or unavailable evidence, presented by the defendant are balanced against the evidence at the time of the indictment, in light of their relevance to the defense. *Jones* at ¶ 26; *Luck* at 157-158.

{¶15} Therefore, "the possibility of faded memories, inaccessible witnesses, and lost evidence," alone, does not sufficiently demonstrate actual prejudice. *Jones,* Slip Opinion No. 2016-Ohio-5105, at ¶ 27. A defendant may not "rely upon broad assertions of missing evidence or an unavailable witness to establish prejudice. A defendant must demonstrate a viable, tangible connection between the missing evidence or the unavailable witness to the defense of the case." *Richardson*, 8th Dist. Cuyahoga No. 103925, 2016-Ohio-5843, at ¶ 13. As stated in *Jones*, "the proven unavailability of specific evidence or testimony that would attack the credibility or weight of the state's evidence against a defendant, and thereby aid in establishing a defense, may satisfy the

due-process requirement of actual prejudice." *Jones* at ¶ 25. Accordingly, "there must be some indication in the record of what the missing evidence or unavailable witness might have offered." *Richardson* at ¶ 13.

{¶16} Once a defendant has established actual prejudice, the state must produce evidence of a justifiable reason for delay in the commencement of prosecution. *Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, at ¶ 51; *Whiting*, 84 Ohio St.3d at 217, 702 N.E.2d 1199. A delay can be found to be unjustifiable

> when the state's reason for the delay is to intentionally gain a tactical advantage over the defendant, *see United States v. Marion*, [404 U.S. at 324, 92 S.Ct. 455, 30 L.Ed.2d 468], or when the state, through negligence o[r] error in judgment, effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased.

*Luck* at 158. The length of delay will typically be the "key factor" in determining whether a delay caused by the state's negligence or error in judgment is justifiable. *Id.*

{¶17} In reviewing a trial court's decision on a motion to dismiss for preindictment delay, this court applies a de novo standard of review to the legal issues, but we afford great deference to the findings of fact made by the trial judge. *State v. Smith*, 8th Dist. Cuyahoga No. 100501, 2014-Ohio-3034, ¶ 23, citing *State v. Wade*, 8th Dist. Cuyahoga No. 90029, 2008-Ohio-4574, ¶ 45.

**{¶18}** Here, Smith generally claims that he was prejudiced by the lack of "any evidence save the DNA rape kit," stating that the victim could not identify him and the state could not match the fingerprints at the scene to him. Specifically, he argues that he has been prejudiced by the following: (1) his faded memories and the faded memories of the victim; (2) the unavailability of "key witnesses," including the downstairs tenant who yelled "shut up," and the missing knife; (3) the destruction of evidence, such as the EMS run report and the 911 call; and (4) the house where the alleged incident occurred has changed significantly. Smith claims that "the lost evidence could have been exculpatory." We find Smith's general assertions of the possibility of prejudice fail to satisfy the "actual prejudice" prong of the preindictment delay analysis.

**{¶19}** As previously discussed, the possibility of faded memories, unavailable witnesses, and lost or destroyed evidence does not, in and of itself, constitute actual prejudice. *Richardson,* 8th Dist. Cuyahoga No. 103925, 2016-Ohio-5843, at ¶ 11; *Jones,* Slip Opinion No. 2016-Ohio-5105, at ¶ 21. "Those are 'the real possibilit[ies] of prejudice inherent in any extended delay,' and statutes of limitations sufficiently protect against them." *Jones* at ¶ 21, quoting *Marion* at 326. Rather, the defendant must establish what the missing evidence or unavailable witnesses might have offered in assisting in his defense. *Richardson* at ¶ 13.

**{¶20}** Smith's general assertions that he has a "very limited memory" of the day in question and "memories of the offense are severely compromised by time" are mere speculation. Moreover, the record belies this assertion as it relates to the victim.

N.R.'s account of the rape to Investigator Hasan upon the reopening of the case was consistent with her account as reported to the police in 1995. Finally, Smith failed to provide what the missing witness might have said or how he might have assisted in Smith's defense.

{¶21} Additionally, regarding the condition of the house, Smith provides that "the location of the alleged rape has changed significantly" and "it appears any evidence obtained from the scene was destroyed by the state." According to Smith, this made it "more difficult" to present a defense and, therefore, was prejudicial. However, the record in this case includes numerous photographs that depict the scene of the assault as it was in 1995. And Smith fails to show how a visit to the house would refresh his memory or otherwise aid in his defense. Further, the record demonstrates that the following evidence was obtained from the scene: Smith's DNA, as collected through the victim's rape kit; fingerprints lifted from a drinking glass at the scene; and the victim's consistent account that her assailant left with the knife and the scarf. Although Smith asserts that the EMS run report and the 911 call have been destroyed by the state, or are otherwise unavailable, he fails to show, much less allege, how such evidence might be beneficial to his defense.

{¶22} On balance, in considering the unavailable evidence against the evidence available at time of the indictment, we cannot find Smith suffered actual prejudice. Although some prejudice may have occurred from evidence lost over the 19 years

between the offense and the indictment, we find that Smith's claims of prejudice are speculative.

**{¶23}** However, even if Smith had established actual prejudice, we find that the state produced evidence of a justifiable reason for delay in the commencement of prosecution. As previously stated, a delay may be found unjustifiable when the state's reason for the delay is to intentionally gain a tactical advantage over the defendant, "or when the state, through negligence o[r] error in judgment, effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased." *Luck*, 15 Ohio St.3d at 158, 472 N.E.2d 1097.

**{¶24}** Here, there is nothing in the record to suggest that the state used the delay to gain a tactical advantage over Smith. Further, this is not a case where the state, through negligence or error, ceased its investigation and later, without new evidence, decided to prosecute.

**{¶25}** The record demonstrates that the defendant was a stranger to the victim. Neither the victim, nor the witnesses listed on the police report, could identify the suspect. Therefore, with no suspect and no additional information, the case went cold. New evidence, however, was discovered when the victim's rape kit was submitted for DNA testing in 2013. BCI notified the Cleveland police in November 2013 that DNA samples from N.R.'s rape kit matched Smith's DNA. The record shows that Smith's DNA became available in 2010 or 2011, when Smith became a Michigan offender. With this

new evidence, the state was able to identify Smith as the suspect. After receiving this information, the state continued its investigation of the case. Investigator Hasan re-submitted the latent fingerprints recovered from the scene to the forensic lab. This time, AFIS matched the fingerprint lifted from the drinking glass to Anthony Smith. Although the state had in its possession the DNA and the fingerprint since 1995, there is no evidence to suggest that the reasons for the delay in submitting the samples, and thus, identifying and indicting Smith, were for anything other than investigative purposes.

{¶26} Accordingly, we find the trial court did not err in denying Smith's motion to dismiss based upon preindictment delay. Smith's sole assignment of error is overruled.

{¶27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR