[Cite as *State v. Tyler*, 2016-Ohio-8245.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 16-CA-22 |
| RANDY TYLER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 15 CR 643

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         December 16, 2016

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH W. OSWALT                     ANDREW T. SANDERSON
Licking County Prosecutor             Burkett & Sanderson, Inc.
                                      73 North Sixth Street
By: PAULA M. SAWYERS                  Newark, Ohio 43055
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, J.*

{¶1} Defendant-appellant Randy Tyler appeals his conviction and sentence entered by the Licking County Court of Common Pleas, on 2 counts of rape, in violation of R.C. 2907.02(A)(1)(b) and (A)(2), felonies of the first degree; and one count of sexual battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree, following a jury trial. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On September 10, 2015, the Licking County Grand Jury indicted Appellant on the aforementioned charges. The charges arose from conduct which occurred between June 9, 1997, and June 8, 2000; and between June 9, 2000, and June 9, 2002, and which involved a minor victim. Appellant appeared before the trial court for arraignment on November 3, 2015, and entered a plea of not guilty to the charges.

{¶3} Appellant filed a motion to dismiss on the ground of preindictment delay. Therein, Appellant asserted the delay resulted in actual prejudice to him as the whereabouts, the mental health, and current name of the victim's mother were no longer available; potential witnesses were no longer available; Appellant's mother who "has specific knowledge pertinent to this case" was too ill to attend court or participate in any proceedings; and Appellant's military records which would establish he had a vasectomy were no longer available. Appellant further maintained there was no justification for the delay.

{¶4} The state filed a memorandum in opposition. The state indicated the victim contacted the Pataskala Police Department to report the offenses on September 29,

2007. The victim was 20 years old at that time and resided in Texas. The Pataskala Police Department arranged for the victim to meet with Appellant and record their conversation. When the victim asked Appellant why he had molested her, Appellant replied he was lonely and sick. After the victim returned to Texas, the Pataskala Police interviewed Appellant. Sgt. Gary Smith, who was in charge of the case, made subsequent attempts to contact the victim, but was unsuccessful as she had moved several times and had also changed her phone number several times.

{¶5} The victim moved back to Ohio in 2015. On June 1, 2015, the victim again contacted the Pataskala Police Department regarding Appellant and reopening the case. Det. Bradley Ramsey, who was assigned to the case, reviewed the material from the prior investigation including the recordings of the victim's conversation with Appellant. Det. Ramsey interviewed the victim. He also attempted to contact Appellant on numerous occasions, but was unsuccessful. After completing the investigation, the matter was turned over to the Licking County Prosecutor's Office, and Appellant was subsequently indicted.

{¶6} The trial court conducted a hearing on Appellant's motion to dismiss on January 20, 2016. Via Judgment Entry filed the same day, the trial court overruled Appellant's motion, finding Appellant failed to meet his burden and did not demonstrate prejudice.

{¶7} The matter proceeded to jury trial on February 24, 2016. After hearing all the evidence and deliberating, the jury found Appellant guilty of all of the charges contained in the Indictment. The trial court ordered a presentence investigation report.

The trial court ultimately sentenced Appellant to an aggregate term of incarceration of thirteen years.

{¶8}    It is from his conviction and sentence Appellant appeals, raising as his sole assignment of error:

{¶9}    THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

I

{¶10} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble,* 122 Ohio St.3d 297, 2009–Ohio–2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland* at 688. Judicial scrutiny of defense counsel's performance must be highly deferential. *Id.* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

{¶11} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. *State v. Bell,* 8th Dist. Cuyahoga No. 102141, 2015–Ohio–4178, ¶ 60, citing *State v. Bradley,* 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Reversal is warranted only where the defendant

demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

{¶12} Appellant contends trial counsel was ineffective for failing to properly establish the prejudice to his defense caused by the preindictment delay. Specifically, Appellant maintains "the failure of his counsel to raise issues related to the exculpatory, recorded phone call between [Appellant] and the alleged victim that was 'lost' during the intervening time so prejudiced the proceedings below as to deny him his constitutionally guaranteed right to a speedy trial herein." Brief of Appellant at 5.

{¶13} The delay between the commission of an offense and an indictment, can, under certain circumstances, constitute a violation of due process of law guaranteed by the federal and state constitutions. *See State v. Luck,* 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984); *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).

{¶14} Courts apply a two-part test to determine whether preindictment delay constitutes a due process violation. The defendant has the initial burden to show he was substantially and actually prejudiced due to the delay. *State v. Whiting,* 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998). However, "proof of actual prejudice, alone, will not automatically validate a due process claim" as "the prejudice suffered by the defendant must be viewed in light of the state's reason for the delay." *Luck*, supra at 154, citing *Marion.* Thus, once a defendant establishes "actual prejudice", the burden then shifts to the state to produce evidence of a justifiable reason for the delay. *Id.* Thereafter, the due process inquiry involves a balancing test by the court, weighing the reasons for the delay

against the prejudice to the defendant, in light of the length of the delay. *State v. Walls,* 96 Ohio St.3d 437, 2002–Ohio–5059, 775 N.E.2d 829, ¶ 51.

{¶15} The Eighth District Court of Appeals has established the standard for demonstrating actual prejudice, the "exculpatory evidence standard":

> The defendant may not rely on speculation or vague assertions of prejudice. Proof of actual prejudice must be specific, particularized, and non-speculative. Therefore, in order to establish actual prejudice, the defendant must demonstrate the exculpatory value of the evidence of which he was deprived due to the delay. *State v. Thomas,* 8th Dist. Cuyahoga No. 101202, 2015–Ohio–415, ¶ 11.

{¶16} The defendant must therefore show "how lost witnesses and physical evidence would have proven the defendant's asserted defense." *State v. Smith,* 8th Dist. Cuyahoga No. 100501, 2014–Ohio–3034, ¶ 26, citing *State v. Davis,* 7th Dist. Mahoning No. 05 MA 235, 2007–Ohio–7216, ¶ 17. "Without proof of prejudice, meaning something which adversely affects [a defendant's] ability to defend himself at trial, there is no due process violation for preindictment delay in prosecution." *Id.*

{¶17} We find Appellant is unable to establish actual prejudice as the allegedly exculpatory lost recorded conversation did not affect his ability to defend himself at trial.

{¶18} Evid.R. 801(D) defines statements which are not hearsay by their very definition. Included in these statements are admissions by a party-opponent. *See* Evid.R. 801(D)(2). Pursuant to Evid.R. 801(D)(2), such statements must be offered "*against* a party." (Emphasis added.)  When a statement a defendant makes to a law enforcement

officer is offered by the state of Ohio against the defendant, a party-opponent, that statement, by its very definition, is not hearsay. On the other hand, if a defendant seeks to present an exculpatory statement he made to a law enforcement officer through an audio recording of the statement, such statement is not being offered against the state, the party-opponent, but rather offered by the defendant. Therefore, it is hearsay. Evid.R. 801(C). In order for that statement to be permitted without the defendant testifying, the defendant must establish the statement falls within one of the clearly defined exceptions to the hearsay rule. *See, State v. Lewis,* 7th Dist. No. 03 MA 36, 2005–Ohio–2699, ¶ 127–128.

**{¶19}** The potentially exculpatory statements made by Appellant in the lost recording do not fall within one of the exceptions to the hearsay rule. Accordingly, we find such evidence would not have been admissible. Because the evidence about which Appellant complains was inadmissible hearsay, we find Appellant was not prejudiced by counsel's failure to raise the issue in his motion to dismiss the complaint due to the preindictment delay.

**{¶20}** Appellant's sole assignment of error is overruled.

{¶21} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Delaney, J. concur