The State of Ohio, Appellee, v. Cross, Appellant.

(No. 2286—Decided June 18, 1975.)

*Mr. Joseph R. Grunda,* prosecuting attorney, for appellee.

*Mr. Dennis M. O'Toole,* for appellant.

Mahoney, J. The defendant, William James Cross, was secretly indicted on December 19, 1973, for two counts of the sale of an hallucinogen (marijuana) on November 13 and 14, 1973. The purchaser was not disclosed in the indictment, but at trial turned out to be a man named Leon Caver, an undercover agent for MEG (Metropolitan Enforcement Group).

Cross was not arrested on the indictment until November 19, 1974. He pled not guilty at his arraignment on November 20, 1974, after counsel was appointed for him. Thereafter, on December 11, 1974, the defendant filed a notice of alibi for November 13, 1973, claiming he was working at the "Wagon-Wheel," a bar-pool hall. The sales allegedly took place at the residence apartment of the defendant's wife or girl friend, according to the State's evidence. On the same day, the defendant moved to quash, which we will regard as a motion to dismiss, the indictment, on the grounds that he had been denied his constitutional right to a speedy trial; thus, his ability to prepare an effective defense had been impaired.

At the conclusion of the hearing on the motion to dismiss on December 13, 1974, which the trial court overruled,

defense counsel orally moved the court to require the prosecutor to give him the name and address of the undercover agent. The prosecutor refused without setting forth any grounds for the refusal as required by Crim. R. 16, and the trial court denied the request.

Trial was commenced four days later on December 17 and ended in the conviction of the defendant on both counts. The defendant has appealed, assigning four errors by the trial court as follows:

"1. The trial court erred in overruling defendant's Motion to Quash the indictment on the basis that the defendant was denied his constitutional right to a speedy trial.

"2. The trial court committed prejudicial error in overruling defendant's Motion for Discovery of the Identification of the State's chief witness.

"3. The trial court committed prejudicial error in admitting the testimony of the Chemist, Ernest Bartha, over the objection of defense counsel.

"4. The trial court committed prejudicial error in overruling defendant's Motion of Discovery of the arrest record of the State's chief witness."

*Assignment of Error 1.*

The defendant contends the eleven month delay between indictment and arrest has prejudiced his right to a speedy trial. We hold that the defendant's right to a "speedy trial" under Section 10, Article I of the Ohio Constitution, and the Sixth Amendment to the United States Constitution does not begin to accrue until his arrest or detention on the charge. *Halcomb* v. *Eckle* (1959), 110 Ohio App. 208, provides in paragraph 1 of the syllabus:

"The right to a 'speedy trial' in a criminal prosecution means the right to have the charge on which the accused is detained heard speedily, and such right has no relation to the time of the filing of the complaint on which such charge is based."

*United States* v. *Marion* (1971), 404 U. S. 307, 321, provides:

"Invocation of the speedy trial provision thus need

not await indictment, information, or other formal charge. But we decline to extend the reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case.''

Prior to arrest, the limitation on criminal prosecution is governed by R. C. 2901.13, which provides a six year period within which to commence prosecutions for felonies other than murder. R. C. 2945.71(C) purports to confer statutory rights to a speedy trial subsequent to arrest. Neither *Click* v. *Eckle* (1962), 174 Ohio St. 88, nor *United States* v. *Ewell* (1966), 383 U. S. 116, support the defendant's contention that an eleven month delay between secret indictment and arrest constitute a violation of the Sixth Amendment. We recognize there is some contrary authority in undercover drug cases, as cited by the defendant's brief, but we do not believe this to be the accepted law in this country on the facts of this case.

Additionally, the defendant failed to demonstrate any evidence of prejudice as a result of the delay. He was able to testify to his own activities on the days in question, and was able to produce defense witnesses who testified about the event occurring on those days.

*Assignment of Error 2.*

The defendant argues that the court should have granted his oral request, made after the hearing on the motion to dismiss, for a disclosure of the undercover agent's name and address. This request was 23 days after arraignment and was not within 21 days as required by Crim. R. 16(F). The record further discloses that there was a face-to-face confrontation between Cross and Caver

in defendants' jail cell, in which conversation Cross indicated he was fully aware that Caver was an undercover agent. It is not clear from the record whether Cross also knew Caver's home and address, but he was shown his (Caver's) badge. Caver, of course, testified and was cross-examined by defense counsel. That fact distinguishes this case from *Roviaro* v. *United States* (1957), 353 U. S. 53, and *State* v. *Couch* unreported. Ninth District Court of Appeals, Lorain County No. 2154, where the informants remained anonymous and did not testify.

However, we do not actually arrive at the question of whether the court erred in denying the oral request, since even assuming that the request could be made orally, it was not made within the time provided by Crim. R. 16(F) of 21 days after arraignment. Thus, the untimely request waives the right to that discovery even if it was proper for disclosure.

*Assignment of Error 3.*

We do not agree with defendant's contention that the court's ruling with regard to the discovery of the chemist's testing methods was erroneous. Defendant, through his letter requesting discovery, under Crim. R. 16, was furnished all the reports from the chemist, Bartha, which were within the possession or control of the prosecutor. The defendant knew the chemist's name and had ample time to interview him for trial purposes by deposition, or otherwise, to ascertain the testing methods.

*Assignment of Error 4.*

We find nothing under Crim. R. 16 which requires the prosecutor to keep a scorebook or records of the undercover activities of an agent which resulted in arrests or indictments. Such information is clearly beyond the scope of the discovery rule.

Accordingly, we reject all four assignments of error. We find that the defendant had a fair trial free from any error prejudicial to any substantial right of the defendant. We affirm the judgment of conviction.

*Judgment affirmed.*

Victor, P. J., and Brenneman, J., concur.