**The STATE of Ohio, Appellant,**

**v.**

**DOKSA, Appellee.**

[Cite as *State v. Doksa* (1996), 113 Ohio App.3d 277.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70354.

Decided Aug. 5, 1996.

278

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Sean Gallagher,* Assistant Prosecuting Attorney, for appellant.

*John P. Hildebrand,* for appellee.

*Per Curiam.*

The state of Ohio appeals from the judgment of the trial court which granted defendant Richard Doksa's motion to dismiss charges against him due to excessive preindictment delay. For the reasons set forth below, we affirm.

On June 12, 1995, the state indicted defendant on one count of trafficking in less than the bulk amount of cocaine on February 16, 1990, and one count of trafficking in less than the bulk amount of marijuana on February 12, 1990. Defendant pleaded not guilty and moved to dismiss the charges for violation of his right to a speedy trial.

On February 8, 1996, the trial court held an evidentiary hearing on the motion. At this time Officer Thomas Caine of the Olmsted Falls Police Department testified that in 1990, the police department received information of drug transactions from informants and commenced an undercover investigation of defendant and other suspects. Thereafter, Caine alleged, defendant sold marijuana to an undercover police officer and cocaine to an informant. Caine next established that approximately two months after these events, but while the investigation was still continuing, an informant who had agreed to make a monitored drug purchase from individuals affiliated with defendant died of a gunshot wound to the head. Although the death was officially ruled to be an accident, the police received information that the informant had been murdered. Based upon this information, the police stopped their investigation of defendant in order to protect their agents and informants.

Later, in 1995, Olmsted Township Police arrested one of the individuals who had previously been affiliated with defendant for allegedly possessing a large quantity of marijuana. In light of this development, Caine determined that there would no longer be a risk in proceeding against defendant, and he then caused the instant charges to be filed.

On cross-examination, Caine stated that he could not recall his own activities from February 12–19, 1990, and that he did not expect defendant to be able to recall his activities. In addition, Caine acknowledged that the house where the transactions are alleged to have occurred no longer exists at that location.

The trial court determined that there was an excessive preindictment delay and it dismissed the matter. The state now appeals and assigns a single error for our review:

"The trial court erred in granting the defendant's motion to dismiss on grounds of a violation of the defendant's rights to a speedy trial when the state produced evidence of a justifiable delay in the indictment of the defendant."

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

In *United States v. Marion* (1971), 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468, 474, the Supreme Court of the United States held that the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused. The court stated:

"On its face, the protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution. These provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time. The Amendment would appear to guarantee to a criminal defendant that the Government will move with the dispatch that is appropriate to assure him an early and proper disposition of the charges against him."

Similarly, in *State v. Luck* (1984), 15 Ohio St.3d 150, 153, 15 OBR 296, 298–299, 472 N.E.2d 1097, 1101–1102, the Supreme Court held that where the defendant is not subjected to any official prosecution a delay between the offense in question and commencement of prosecution does not violate the speedy trial guarantee contained in Section 10, Article I of the Ohio Constitution.

■ It is well settled, however, that such a delay constitutes a violation of the constitutional guarantees of due process of law where the delay "violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions' " and "which define 'the community's sense of fair play and decency.' " *United States v. Lovasco* (1977), 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752, 759. This determination first requires the defendant to demonstrate that a lengthy preindictment delay resulted in actual prejudice to him. *Id.* at 789, 97 S.Ct. at 2048, 52 L.Ed.2d at 758–759. Second, the reason for

the delay must be weighed against the prejudice arising out of it. *Id.* at 790, 97 S.Ct. at 2048–2049, 52 L.Ed.2d at 759. See, also, *State v. Luck, supra,* syllabus.

As to the demonstration of prejudice, it has been suggested that prejudice may be demonstrated where the defendant establishes that the delay has resulted in the loss of witness testimony, lost memories, or spoiled or destroyed evidence. See *State v. Gee* (June 2, 1994), Cuyahoga App. No. 64410, unreported, 1994 WL 245885. As to the weighing of the prejudice against the reasons for the delay, it is clear that in general, a delay will be justifiable where the state defers seeking indictments until it is satisfied that it will be able to prove the suspect's guilt beyond a reasonable doubt. *Lovasco, supra.* In addition, where the delay is occasioned by concern for the safety of witnesses and the desire to avoid premature disclosure of their identity, the reason for the delay may outweigh the prejudice to the accused. See *State v. Frost* (Nov. 25, 1992), Cuyahoga App. No. 61295, unreported, 1992 WL 357255. Conversely, the delay may be found unjustifiable where the state's reason for the delay is to intentionally gain a tactical advantage or when the state "effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased." *Luck, supra,* 15 Ohio St.3d at 158, 15 OBR at 304, 472 N.E.2d at 1105. Moreover, length of delay is normally the key factor in determining whether a delay is justifiable. *Id.*

Applying the foregoing to the facts of this matter, we cannot conclude that the trial court erred in dismissing this matter. It is undisputed that the indictment was issued over five years after the alleged criminal conduct. In addition, the state's witness conceded that he would not expect defendant to recall his activities on the dates of the alleged offenses, and the house at which the crimes allegedly occurred no longer exists at this location. The element of prejudice was met. Further, although the state's concern for the safety of their undercover personnel and informants must be given serious weight in the court's comparison of the prejudice to the defendant and the reasons for the delay, there is no indication in the record that the shooting death was later determined to be a homicide or that it was in any way connected to this offense. Accordingly, under the facts of this matter, this event cannot justify the delay. Most significant, the state's evidence indicates that the investigation of the offenses was complete shortly after they allegedly occurred, and there is no evidence that the investigation continued with regard to any others alleged to be affiliated with this defendant in this endeavor. In short, the state made a late attempt to proceed upon evidence in existence at the time the investigation ceased. Thus, from the ultimate facts presented to the trial court, the reasons for the delay do not outweigh the prejudice which resulted.

The state urges a contrary result pursuant to *State v. Cross* (1975), 48 Ohio App.2d 357, 2 O.O.3d 356, 357 N.E.2d 1103, and *State v. Packard* (1988), 52 Ohio App.3d 99, 557 N.E.2d 808. These cases are distinguishable from the instant matter, however. In *Cross,* there was an eleven-month delay between defendant's indictment and arrest and defendant failed to demonstrate any prejudice. In *Packard,* there was a three-year delay between defendant's indictment and arrest which was occasioned by defendant's activities which made it difficult to arrest him, and there was likewise no showing of prejudice.

*Judgment affirmed.*

SPELLACY, C.J., JAMES D. SWEENEY and DYKE, JJ., concur.