**The STATE of Ohio**

v.

**BETTES.**

Court of Common Pleas of Ohio,
Franklin County.

No. 99 CR–04–2313.

Decided March 8, 2000.

*Ron O'Brien,* Franklin County Prosecuting Attorney, *James M. Hughes* and *Donald L. Miller,* Assistant Prosecuting Attorneys, for the state.

*Yavitch & Palmer Co., L.P.A.,* and *Eric Jason Yavitch,* for the defendant.

MICHAEL H. WATSON, Judge.

Before the court are the following:

(1) The May 25, 1999 motion of defendant Geneva Bettes to dismiss. Plaintiff state of Ohio filed a memorandum contra on June 9, 1999.

(2) The June 14, 1999 motion of defendant to dismiss. Defendant filed a factual proffer in support on December 21, 1999. Defendant filed a supplemental affidavit in support on February 16, 2000. Plaintiff filed a second memorandum contra on February 17, 2000.

A. *Facts*

On or about April 29, 1999, the Franklin County Grand Jury indicted defendant on one count of theft and one count of trafficking in food stamps/illegal use of food stamps. The first count alleges that defendant committed the theft offense "from on or about January 1, 1992 through January 31, 1993." The second count alleges that defendant committed trafficking in food stamps "from on or about January 1, 1992 through January 31, 1993."

The state contends that it did not discover defendant's alleged wrongdoing until July 12, 1994, during a State Auditor's state income tax match. At that time, the matter was referred to the Franklin County Department of Human Services ("FCDHS") for investigation. Furthermore, on January 22, 1999, defendant was scheduled to be interviewed by James Mitchell, an investigator with FCDHS. Defendant appeared for the interview; however, she declined to give a verbal or written statement.

B. *Analysis*

1. May 25, 1999 motion to dismiss

Defendant seeks, pursuant to R.C. 2901.13(A)(1), a dismissal of the indictment as it is barred by the applicable statute of limitations. Specifically, defendant argues that the indictment was returned more than six years after the alleged offense was committed. In response, the state argues that the statute of limitations did not commence until the *corpus delicti* was discovered. In the instant action, defendant's alleged criminal activity was not discovered until July 12, 1994. Thus, pursuant to R.C. 2901.13(F), the indictment was returned by the Franklin County Grand Jury within the six-year statute of limitations.

R.C. 2901.13 stated:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) for a felony other than aggravated murder or murder, six years;

"* * *

"(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

In the case at bar, defendant was indicted on or about April 29, 1999 for felony offenses that allegedly occurred "from on or about January 1, 1992 through January 31, 1993." Thus, on its face, it would appear that the indictment was returned outside the six-year statute of limitations provided for in R.C. 2901.13(A)(1). Further, the information that resulted in the state's knowledge of defendant's alleged wrongdoing was available to it prior to July 12, 1994. In

addition, the information was stored in a computer database controlled, and easily accessible, by the state. Thus, the state should have discovered defendant's alleged wrongdoing prior to July 12, 1994. Notwithstanding, as the alleged wrongdoing was discovered by a state income tax match, and it is unknown to the court when defendant filed an income tax return for 1992, the court is unable to establish a definitive date for when the requisite information was available to the state. Accordingly, while the court believes that the state should be charged with knowledge of the offenses prior to July 12, 1994, the court is unable to conclude that the indictment was filed outside the six-year statute of limitations.

2. June 14, 1999 motion to dismiss

■ In this second motion to dismiss, defendant seeks dismissal of the indictment based on preindictment delay, arguing that she was deprived of her right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.

■ In order for a preindictment delay to deprive a defendant of his or her right to due process of law, it must be established that (1) the delay results in actual prejudice to the defendant and (2) the delay must be unjustifiable. *State v. Luck* (1984), 15 Ohio St.3d 150, 15 OBR 296, 472 N.E.2d 1097. With respect to the first prong, actual delay, "[p]roof of actual prejudice must be specific, particularized and non-speculative." *State v. Heath* (Feb. 3, 1997), Warren App. No. CA96–04–035, unreported, 1997 WL 44374. "[P]rejudice may be demonstrated where the defendant establishes that the delay has resulted in the loss of witness testimony, lost memories, or spoiled or destroyed evidence." *State v. Doksa* (1996) 113 Ohio App.3d 277, 281, 680 N.E.2d 1043, 1045.

In the instant action, defendant maintains that she has been prejudiced because she is unable to recall her whereabouts or conduct for the dates of the offenses alleged. In addition, she contends that she is unable to locate any alibi witnesses or other individuals, including official keepers of records, who may be able to assist her defense. One witness, who was directly involved in reducing the amount of public assistance that defendant received during the time periods set forth in the indictment, is unable to be located. Defendant contends that this witness would have direct knowledge of the reasons for the reductions in defendant's benefits and, thus, could corroborate and assist in her defense. Furthermore, defendant is unable to obtain her employment records for the period in question and it is believed the records have been destroyed. In support, defendant has submitted the affidavit of Scott Priddy, payroll coordinator for Armark/Aratex Services, Inc. In his affidavit, Priddy states that there are no records relating to defendant's employment with Armark/Aratex Services, Inc. and that any records that did exist have recently been destroyed. Defendant

maintains that the documents would indicate that she had a leave from employment for a substantial period of time during the period set forth in the indictment. As defendant was entitled to earn some wages while receiving public assistance, this information is critical to the preparation of her defense.

Upon examination, defendant has met the first prong, as the delay has resulted in actual prejudice to defendant. She is unable to locate witnesses and, as evidenced by the affidavit of Priddy, documents have likely been destroyed that are essential to her defense of the charges at issue.

■■ With respect to the second prong, a delay is unjustifiable if (1) it is determined that the state delayed in order to "intentionally gain a tactical advantage over the defendant," or (2) "through negligence or error in judgment," the state stops investigating but later prosecutes the offense based upon the same evidence that was available to it at the time that its active investigation ceased. *Luck*, 15 Ohio St.3d at 158, 15 OBR at 303–304, 472 N.E.2d at 1105. However, without evidence on the record, a court is not to presume that the state intentionally, or without justification, delayed commencing action against a defendant. *State v. Culwell* (Nov. 26, 1996), Franklin App. No. 96APA–04–504, unreported, 1996 WL 684135.

The record indicates that the state, as a result of negligence or error, stopped investigating this offense. Defendant's alleged actions were known to the state on July 12, 1994, at which time the matter was turned over to FCDHS for investigation. However, the record does not demonstrate that the investigation of defendant's alleged misconduct commenced until August 10, 1998. Specifically, the following documents were submitted in support of the continued investigation of defendant:

- Request for certified copies of warrants, dated August 10, 1998;

- Ohio Food Stamp Program Report of Claim Determination/Lost Benefits, dated January 22, 1999;

- Interview of defendant, dated January 22, 1999;

- Overpayment Determination form, dated March 4, 1999.

Accordingly, the record does not support the conclusion that the investigation commenced shortly after July 12, 1994, and was conducted continuously until defendant's indictment. Moreover, there is no support in the record that this evidence is not the same information that was available on July 12, 1994.

Therefore, it is the court's conclusion that the state, due to negligence or error, stopped investigating the instant offense and that the 1999 indictment is based upon the same evidence that was available to the state at the time that its active investigation ceased.

## C. *Conclusion*

Defendant maintains that dismissal of the indictment in this action is appropriate for two reasons. First, the indictment was not returned within the six-year statute of limitations. While it is the court's position that the state is charged with knowledge of the relevant information prior to the July 12, 1994 audit, since the court is unable to ascertain with certainty the earliest date that the state could have discovered the information, the court concludes that indictment was returned within the six-year statute of limitations. Accordingly, the May 25, 2000 motion of defendant to dismiss is hereby DENIED.

Second, defendant argues that she has been subjected to preindictment delay, which has deprived her of her right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Since defendant presented sufficient evidence that the delay has resulted in actual prejudice and since the record fails to establish that the delay was justifiable, the June 14, 1999 motion of defendant to dismiss is SUSTAINED.

*Judgment accordingly.*