DECISION AND JUDGMENT ENTRY
This is an appeal from the Athens County Court of Common Pleas, in which Defendant-Appellant Nelson D. Lewis pled no contest to, and was found guilty of, the following seven felonies: five counts of trafficking in cocaine, felonies of the fifth degree, in violation of R.C. 2925.03(A); one count of complicity to trafficking in cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A); and one count of theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(3). The trial court sentenced appellant to an aggregate sentence of thirty-six months imprisonment.
Appellant argues that the trial court erroneously denied his motion to dismiss the indictment. This motion was based on appellant's argument that the delay between the alleged commission of the offenses and his indictment caused his memory to fade, thus rendering him unable to adequately assist in his own defense. We find appellant's argument to be without merit and affirm the judgment of the court below.
Our review of the record reveals the following facts pertinent to the instant appeal.
On January 8, 1999, an indictment was filed in the Athens County Court of Common Pleas, charging the defendant with nine felony violations for events that occurred between September 13, 1997, and January 28, 1998: five counts of trafficking in cocaine, felonies of the fifth degree, in violation of R.C. 2925.03(A); one count of trafficking in cocaine, a fourth-degree felony, in violation of R.C. 2925.03(A); one count of trafficking in cocaine, a second-degree felony, in violation of R.C.2925.03(A); one count of complicity to trafficking in cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A); and one count of complicity to trafficking in cocaine, a fourth-degree felony, in violation of R.C. 2925.03(A).
On March 17, 1999, the indictment was dismissed because it erroneously named the defendant as "Lewis D. Nelson" instead of appellant's correct name, Nelson D. Lewis.
On April 8, 1999, a new indictment was filed in the Athens County Court of Common Pleas, charging appellant with the same nine counts, in addition to a tenth count: theft, a fifth-degree felony, pursuant to R.C. 2913.02(A)(3).
On May 26, 1999, appellant filed a motion to dismiss the indictment. Appellant argued, in the memorandum supporting the motion, that he was unable to precisely recall pertinent events because of the delay between the alleged commission of the offenses — between September 1997 and January 1998 — and the April 1999 indictment. Thus, he maintained, he was unable to aid in his own defense.
On June 15, 1999, the trial court held a hearing on appellant's motion to dismiss the indictment. At the hearing, appellant testified that he was unable to recall most of the events alleged in the indictment. With respect to those events that he could recall, he explained that he was unable to determine whether those events were reality or something he had dreamed.
Counsel for the state also acknowledged, at the hearing, that the investigation that led to appellant's indictment had concluded by the end of January 1998.
At the conclusion of the hearing, the trial court denied appellant's motion to dismiss on the grounds that appellant had not established how his memory lapse actually prejudiced his defense. This decision was reflected in a journal entry filed by the lower court later that same day.
On October 19, 1999, appellant, as a result of a plea agreement with the state, entered a change of plea. According to the agreement, the state moved the lower court to dismiss the fourth-degree-felony trafficking in cocaine, the second-degree-felony trafficking in cocaine, and the fourth-degree-felony complicity to trafficking in cocaine. The lower court granted the motion and appellant pled no contest to the seven remaining charges. A change-of-plea hearing was subsequently held.
On March 2, 2000, after permitting appellant to make a statement and to submit mitigating evidence, the trial court sentenced appellant to an aggregate sentence of thirty-six months imprisonment.
Appellant filed a timely appeal presenting the following assignment of error for our review.
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS WHERE APPELLANT TESTIFIED THAT HE HAD NO INDEPENDENT RECOLLECTION OF THE EVENTS CHARGED IN THE INDICTMENT AND, THUS, WAS UNABLE TO ASSIST HIS COUNSEL TO PREPARE A DEFENSE.
It is well settled that the right to a speedy trial does not arise until a person has been "accused" of a crime. See United States v.Marion (1971), 404 U.S. 307, 92 S.Ct. 455. "[W]here the defendant is not subjected to any official prosecution a delay between the offense in question and commencement of prosecution does not violate the speedy trial guarantee contained in Section 10, Article I of the Ohio Constitution." State v. Doksa (1996), 113 Ohio App.3d 277, 280,680 N.E.2d 1043, 1045; see 25 Ohio Jurisprudence 3d (2000) 479-80, Criminal Law, Section 400.
However, it is also well settled that a pre-accusation delay may constitute a violation of the constitutional guarantees of due process of law if the delay violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions" that define "the community's sense of fair play and decency." United States v. Lovasco
(1977), 431 U.S. 783, 97 S.Ct. 2044; see Doksa, 113 Ohio App.3d at 277,680 N.E.2d at 1043. To make this determination, the United States Supreme Court set out a test in Marion, 404 U.S. at 307, 92 S.Ct. at 455, andLovasco, 431 U.S. at 783, 97 S.Ct. at 2044.
The Marion-Lovasco test was subsequently adopted by the Supreme Court of Ohio in State v. Luck (1984), 15 Ohio St.3d 150, 472 N.E.2d 1097. SeeState v. Whiting (1998), 84 Ohio St.3d 215, 702 N.E.2d 1199 (confirming the analysis utilized in Luck to continue to be controlling authority in Ohio courts). That test, as set forth in Luck, is as follows.
The defendant first has the burden of producing evidence to demonstrate that the delay caused actual prejudice to his defense. See Luck,15 Ohio St.3d at 157-58, 472 N.E.2d at 1104-05. That being shown, the burden then shifts to the state to produce evidence of a justifiable reason for the delay. See Luck, 15 Ohio St.3d at 158, 472 N.E.2d at 1105. The court is then to view the prejudice suffered by the defendant in light of the state's reason for the delay. See Luck, 15 Ohio St.3d at 154,472 N.E.2d at 1102.
In Luck, the appellant argued that a fifteen-year, pre-indictment delay was prejudicial to her defense because two key witnesses had died, a third witness said he could no longer identify the appellant as his memory had faded, and all of the tape-recorded interviews with additional possible witnesses had been destroyed without transcripts of the recordings. The Luck Court found that the appellant was "obviously prejudiced by not being able to seek verification of her story * * * and thereby establish mitigating factors or a defense to the charge against her." Luck, 15 Ohio St.3d at 158, 472 N.E.2d at 1105. Thus, the Luck
Court found that the appellant had satisfied her burden of establishing particularized prejudice, and thus shifted the burden to the state to provide a reason for the delay. Since the state presented no such justification, the Supreme Court of Ohio held in favor of the appellant.
In the present case, appellant provided the following testimony, on direct examination in the hearing on appellant's motion to dismiss the indictment, to support his argument that the pre-indictment delay was prejudicial to his defense.
 Q. Okay. After reading through * * * the indictment and all the open file discovery in this case are you to [sic] recall the events that they are alleging occurred that violate Ohio law.
 A. I am not sure on, it is kind of hard to explain. I am not sure if it happened or didn't happen in one sense. Because, you know, I am thinking, I am thinking that, I don't know, it is like, when I was in prison, I was thinking so much on it and I wasn't sure if it happened or didn't happen. I believe, yes, I believe there was some sales [of narcotics] and everything but I ain't saying what all happened at the sales.
* * *
 Q. Are you able to recall persons who were present during any of those types of events.
A. I believe Joyce Gould on the last event.
Q. But you are not even certain of that?
A. I am not sure if she drove or I drove.
Thus, the sole evidence proffered by appellant to establish prejudice is that his own memory had faded, notwithstanding his recollection of at least one witness and his verification that certain of the alleged events did indeed occur. We find this showing wholly inadequate. It is firmly established that the mere allegation of faded memory does not rise to the particularized demonstration of prejudice necessary to constitute an unconstitutional pre-accusation delay.[1] "[A] defendant must provideconcrete proof that he will suffer actual prejudice at trial as a result of the government's delay in indicting the defendant." (Emphasis added.)State v. Flickinger (Jan. 19, 1999), Athens App. No. 98CA09, unreported.
We note that appellant made much of the length of time between the alleged commission of the offenses and the indictment — insisting that the date of the indictment was April 1999 not January 1999. We find appellant's efforts misplaced.
The length of the pre-accusation delay is of no consequence absent a showing of actual prejudice. Indeed, for this Court to make a determination based solely on the length of the pre-accusation delay would render statutes of limitations virtually irrelevant. See State v.Lanier (Jan. 31, 1997), Montgomery App. No. 15728, unreported (explaining that "[p]re-indictment delays * * * cannot be presumptively prejudicial if they are brought within the applicable statute of limitations because statutes of limitations guarantee against a prosecutor bringing overly stale charges"); accord State v. Bailey (Feb. 7, 1997) Montgomery App. No. 15669, unreported. Therefore, we find no error in the trial court's denial of appellant's motion to dismiss the indictment.
Appellant's assignment of error is OVERRULED, and we AFFIRM the decision of the Athens County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ATHENS County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Harsha, J., and Kline, J. Concur in Judgment and Opinion.
[1] In Ohio appellate courts, this proposition is supported by the following cases. State v. Flickinger (Jan. 19, 1999), Athens App. No. 98CA09, unreported (concluding that, based on a fifteen-month, pre-indictment delay, that "[w]e do not believe * * * that a general assertion that the defendant cannot remember the events of the alleged crime demonstrates actual prejudice"); State v. Glasper (Feb. 21, 1997), Montgomery App. No. 15740, unreported (stating that, based on a pre-indictment delay of more than eighteen months, there was no presumed prejudice, suggesting that "[t]he defendant must identify the specific prejudice suffered, and that prejudice must be substantial, for instance, that important taped witness interviews were destroyed or that key witnesses have died"); State v. Gotham (Dec. 31, 1997), Trumbull App. No. 96-T-5485, unreported (explaining that, based on a four-year, pre-indictment delay, "appellant has not shown that any actual prejudice resulted from the delay, such as the death of a witness, the fading memories of witnesses, and the general loss of evidence"); State v.Powell (May 9, 1997), Montgomery App. No. 16013, unreported (concluding that, based on a thirty-four-month, pre-indictment delay, "[t]he defendant offered no evidence [other than the length of the delay itself] as to how she was prejudiced by the delay").
In federal courts, this proposition is supported by the following cases. United States v. Elsbery (C.A.2, 1979), 602 F.2d 1054 (stating that, based on a four-year, pre-indictment delay, "[w]e must * * * reject the contention that during the interim period witnesses' memories dimmed; that has not been considered the sort of actual substantial prejudice that predicates reversal for pre-indictment delay" (citations omitted)); United States v. Harrison (S.D.N.Y. 1991), 764 F. Supp. 29
(explaining that, based on a five-and-a-half-year, pre-indictment delay, "[t]he dimming of memories with the passage of time, without more, does not create actual substantial prejudice to the right to a fair trial which would warrant dismissal of a case for pre-indictment delay");United States v. Crouch (C.A.5, 1996), 84 F.3d 1497 (explaining that, based on an eight-year, pre-indictment delay, faded memory alone is insufficient to establish actual prejudice).