[Cite as *State v. Mack*, 2014-Ohio-4817.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100965**

---

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**MICHAEL MACK**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575712-A

**BEFORE:** Jones, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Joseph J. Ricotta
        Brett Hammond
        Denise J. Salerno
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

John Spellacy
John J. Spellacy & Associates
526 Superior Avenue, N.E.
1540 Leader Building
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's January 2014 judgment granting defendant-appellee's, Michael Mack, motion to dismiss the indictment due to preindictment delay.   We affirm.

{¶2} In June 2013, Mack was charged with the alleged June 1993 rape of the alleged victim.[1]   Mack filed a motion to dismiss the indictment, and the trial court held a hearing.   At the hearing, the trial court read the statement of facts from Mack's brief, and asked the assistant prosecuting attorney if she agreed with the statement.   Taking into account the state's objections, the record establishes the following:

·   At the time of the alleged offense, the alleged victim was 27 years old and Mack was 16 years old.

·   The alleged victim and Mack knew each other; the alleged victim and Mack's mother were neighbors and friendly with each other.

·   The alleged victim immediately reported the alleged crime; she went to the hospital where a rape kit was administered.   She also initially identified Mack as her rapist.

·   Three detectives were assigned to investigate the case.   As of the time of the hearing, the whereabouts of the three detectives were unknown.[2]

·   The case went "cold" because the alleged victim did not cooperate.

·   A 911 call allegedly made by the victim was no longer available.

·   In 2013, the state received notification from the Bureau of Criminal Investigations (BCI) that it matched Mack's DNA to the hospital specimen the alleged victim provided.   The notification was provided as part of the Ohio Attorney General's Sexual Assault Kit

[1]In March 1999, the Ohio General Assembly amended the statute of limitations for rape (and other crimes, including other sexually-oriented offenses) from 6 years to 20 years, and made it retroactive so long as the 6-year limitation had not expired at the time of the amendment.

[2]There were also initial responding officers.   The state informed the court that it had found one officer and the officer would be available to testify.

Initiative.

{¶3} In his motion, Mack also alleged that in November 2013, the alleged victim admitted that she and Mack had had "consensual" sexual relations on multiple occasions prior to the time he allegedly raped her. This alleged admission, however, was not initially reported by the alleged victim.

{¶4} When asked by the court about the alleged November 2013 admission of the alleged victim, the assistant prosecuting attorney refused to confirm or deny it, citing Ohio's rape shield law.

{¶5} At the hearing, Mack contended that one of the many injustices in this case was that the alleged victim was not being prosecuted for the crimes she allegedly committed against him (statutory rape of a minor and/or unlawful sexual conduct with a minor),[3] but he was now being charged as an adult with a crime that he allegedly committed when he was a juvenile, in a situation where his identity had always been known.

{¶6} The trial court granted Mack's motion to dismiss, finding the indictment against him "very alarming" and "absolutely outrageous."

{¶7} In reviewing a decision on a motion to dismiss for preindictment delay, we accord deference to the trial court's findings of fact but engage in a de novo review of the trial court's application of those facts to the law. *State v. Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, ¶ 10, citing *State v. Henley*, 8th Dist. Cuyahoga No. 86591, 2006-Ohio-2728.

{¶8} The Due Process Clause provides, in part, that "no person shall * * * be deprived of life, liberty or property without due process of law." "An unjustifiable delay between the

---

[3]At the time of the hearing, which was held in January 2014, the 20-year statute of limitations for rape and unlawful sexual conduct with a minor had expired.

commission of an offense and a defendant's indictment * * * which results in actual prejudice to the defendant, is a violation of the right to due process of law * * * ." *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.

{¶9} "'To warrant dismissal on the basis of preindictment delay, a defendant must present evidence establishing substantial prejudice. Once the defendant fulfills that burden, the state has the burden of producing evidence of a justifiable reason for the delay.'" *Copeland* at ¶ 13, quoting *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 51.

> This court has previously stated that preindictment delay constitutes a violation of the constitutional guarantees of due process of law where the delay 'violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions,"' and 'which define the community's sense of fair play and decency.' *United States v. Lovasco* (1977), 431 U.S. 783, 790, 52 L.Ed.2d 752, 97 S.Ct. 2044 (citations omitted). This determination first requires the defendant to demonstrate that a lengthy pre-indictment delay resulted in actual prejudice to him. *Id.*, at 789. Secondly, the reason for the delay must be weighed against the prejudice arising out of it. *Id.*, at 790. *See, also, State v. Luck*, supra, syllabus.

*State v. Doksa*, 113 Ohio App.3d 277, 280, 680 N.E.2d 1043 (8th Dist.1996).

{¶10} Prejudice may be established where the defendant contends that the delay resulted in the loss of witness testimony, lost memory or spoiled or destroyed evidence. *Id.* at 281. Here, the responding officers and two of the three investigating detectives were unavailable and other evidence (the 911 call) was unavailable. Further, Mack was being prosecuted for a crime that he allegedly committed as a juvenile, despite his identity always being known. We agree with Mack that he demonstrated actual prejudice.

{¶11} Thus, we must next consider the state's reason for the delay: the lack of cooperation by the alleged victim. We do not find this reason to outweigh the prejudice to Mack. As this court has held, "the delay may be found unjustifiable * * * when the state

'effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation ceased.'" *Id.*, quoting *Luck* at 158. "Moreover, length of delay is normally the key factor in determining whether a delay is justifiable." *Id.*, citing *Luck* at *id.*

{¶12} In light of the above, the state's sole assignment of error is overruled.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR