DECISION AND JUDGMENT ENTRY
{¶ 1} Matthew Hahn appeals the Washington County Common Pleas Court's denial of his motion to dismiss the indictment because of pre-indictment delay. He also appeals his conviction for corruption of a minor. Hahn contends that his motion to dismiss should have been granted because the pre-indictment delay violated his due process rights. Because Hahn failed to demonstrate actual prejudice as a result of the delay, the trial court acted properly in denying his motion. Hahn also argues that his conviction for corruption of a minor is against the manifest weight of the evidence because the state did not present evidence from which the jury could conclude that he acted recklessly regarding the victim's age. We find that the state presented substantial evidence from which the jury could infer that Hahn was reckless in disregarding the victim's true age. Accordingly, we affirm his conviction for corruption of a minor.
 {¶ 2} On March 31, 1999, Heather Pugh asked fourteen-year-old S.W. to baby-sit while she went out with her roommate Dusty Erb. The two women went to a local bar with their boyfriends and Mike Bereit, a friend of Ms. Erb's who was temporarily living with the two women. At the bar, Mr. Bereit ran into Hahn. Around 11:00 p.m., Ms. Erb, Ms. Pugh, and Ms. Pugh's boyfriend left the bar. The two women dropped Ms. Pugh's boyfriend off at his house and then returned home. When they arrived home, they found S.W. lying on the couch either sleeping or extremely drowsy. Later that night, Mr. Bereit returned home accompanied by Hahn. Mr. Bereit went to sleep on the floor and Hahn went to sleep on the opposite end of the couch where S.W. lay.
 {¶ 3} According to S.W., she awoke when she felt something in her vaginal area. When she awoke, she found Hahn on top of her. Hahn's pants were down around his knees and her pants and underwear had been removed. S.W. immediately pushed him off of her, grabbed her clothes, and went into the bathroom. In the bathroom, S.W. attempted to urinate but felt a "burning" sensation. She saw blood and a white substance coming from her vagina. She noticed that her vaginal area was extremely swollen so she went to the kitchen for some ice. She then woke Heather Pugh and told her what had happened.
 {¶ 4} When S.W.'s mother learned what had happened, she took S.W. to the hospital. Samples of S.W.'s clothes were sent to the Ohio Bureau of Criminal Investigation and Identification (BCI) for testing. The tests revealed the presence of semen. Investigators obtained a blood sample from Hahn to test against the semen found in S.W.'s underwear. The results showed that Hahn's DNA did not match. During the course of the investigation, Detective Schuck spoke with Hahn. Initially, Hahn denied touching S.W.. When Detective Schuck spoke with Hahn a second time, Hahn admitted to penetrating S.W.'s vagina with his fingers. However, Hahn indicated that S.W. initiated the sexual contact and that it was consensual.
 {¶ 5} In March 2001, the grand jury indicted Hahn on charges of corruption of a minor. Hahn filed a motion to dismiss the indictment, alleging that his right to a speedy trial had been violated. The trial court denied Hahn's motion. After a one-day trial, the jury found Hahn guilty of corruption of a minor. Hahn appeals, raising the following assignments of error: ASSIGNMENT OF ERROR NO. 1 — The trial court erred when it denied the motion to dismiss for lack of a speedy trial, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 10, of the Ohio Constitution.ASSIGNMENT OF ERROR NO. 2 — The trial court violated Matthew Hahn's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution when it found him guilty of corruption of a minor, when that finding was against the manifest weight of the evidence.
 {¶ 6} In his first assignment of error, Hahn argues that the trial court should have granted his motion to dismiss the indictment. He contends the two-year delay between the incident and the indictment violated his constitutional rights. Under this assignment of error, Hahn makes two separate arguments. First, he argues that the delay violated his constitutional right to a speedy trial, which is guaranteed under theSixth Amendment to the United States Constitution and Article I, Section10 of the Ohio Constitution. To support this argument Hahn relies on the four-part test established in Barker v. Wingo (1972), 417 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101. Second, Hahn argues that the delay violated his due process rights.
 {¶ 7} The Sixth Amendment guarantee of a speedy trial does not apply to pre-indictment delays. United States v. Marion (1971),404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. And while Article I, Section10 of the Ohio Constitution does apply to some pre-indictment delays, it only applies where the defendant was the subject of official prosecution or official accusation prior to indictment. State v. Luck (1984),15 Ohio St.3d 150, 153, 472 N.E.2d 1097. Hahn does not allege that the state subjected him to official accusation or official prosecution prior to indicting him. Moreover, nothing in the record indicates that Hahn was the subject of official accusation prior to his indictment. Thus, Hahn's first argument lacks merit.
 {¶ 8} However, a delay in commencing prosecution, even when there has been no official accusation, may violate a defendant's due process rights. United States v. Lovasco (1977), 431 U.S. 783, 789,97 S.Ct. 2044, 52 L.Ed.2d 752; Luck, 15 Ohio St.3d at 153-54. To establish that a pre-indictment delay violated his due process rights, a defendant must show that the delay caused him actual prejudice. Marion,404 U.S. at 324; Luck, supra. Once the defendant establishes actual prejudice from the pre-indictment delay, the burden shifts to the state to produce evidence of a justifiable reason for the delay. State v. Whiting,84 Ohio St.3d 215, 217, 1998-Ohio-575, 702 N.E.2d 1199 citing Luck, supra.
 {¶ 9} Reviewing a trial court's decision on a motion to dismiss an indictment based upon a pre-indictment delay presents a mixed question of fact and law. Thus, a reviewing court must accord due deference to the trial court's findings of fact, but may freely review the trial court's application of the law to the facts. State v. Metz (Apr. 21, 1998), Washington App. No. 96CA48.
 {¶ 10} Hahn argues that the pre-indictment delay prejudiced his defense because an important witness has moved to Florida. He also argues that his defense was prejudiced because he can no longer remember the events of that night. Furthermore, Hahn contends that the state's reason for the delay is unjustifiable. He contends that the state delayed seeking an indictment for corruption of a minor in an attempt to charge him with the more serious offense of rape. He points out that the state had enough evidence to prosecute him for corruption of a minor after he gave his statement to Detective Schuck on April 7, 1999.
 {¶ 11} Hahn contends that in the time between the incident and his indictment, Mr. Bereit, an important witness, moved to Florida. At the hearing, Hahn testified that he had not had contact with Mr. Bereit in over a year. He indicated that his attorney had sent a letter to Mr. Bereit's Florida address but had received no reply. According to Hahn, his attorney could not locate Bereit. However, Detective Schuck testified that he spoke with Mr. Bereit's former employer and was able to determine Mr. Bereit's current employer as well as a prospective employer. Moreover, at no time prior to the hearing did Hahn attempt to issue an out-of-state witness subpoena to Mr. Bereit. Assuming that his testimony would be favorable, at the time of the hearing, there was nothing to indicate that Mr. Bereit was unavailable to testify on Hahn's behalf.
 {¶ 12} Hahn also argues that his defense has been prejudiced because he can no longer remember the events of that particular night. However, a general assertion that the defendant cannot remember the events of the alleged crime does not constitute actual prejudice. Statev. Flickinger (Jan. 19, 1999), Athens App. No. 98CA09.
 {¶ 13} Like the trial court, we find that Hahn has failed to establish a violation of his due process rights. Hahn has not shown that the pre-indictment delay caused him actual prejudice. While the evidence establishes that Mr. Bereit moved to Florida in the intervening time, it does not indicate that he was unavailable to testify on Hahn's behalf. Moreover, Hahn has not stated how his inability to recall the events of that night would prejudice his defense.
 {¶ 14} Assuming, arguendo, that Hahn had established actual prejudice, we find that the state presented justifiable reasons for the delay. During the time between the incident and Hahn's indictment, the state actively investigated the case. See Lovasco, 431 U.S. at 796
("* * * to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time.")
 {¶ 15} The incident involving S.W. occurred in the early morning hours of April 1, 1999. When Detective Schuck initially responded to the reported incident, he classified it as a rape. Despite Hahn's statement, Detective Schuck continued to investigate the incident as a rape. The results of S.W.'s rape kit were available in June 1999. In August 1999, testing on S.W.'s underwear revealed the presence of semen. The police sent a sample of Hahn's blood to be tested against the semen sample. The results of that test were not available until June 2000. One month later, the Sheriff's Department turned over its file and the results of the BCI testing to the Washington County Prosecutor's Office. In January 2001, the Prosecutor's Office sent a letter to Hahn indicating that they planned to seek an indictment against him. The next month, the grand jury indicted Hahn on charges of unlawful sexual conduct with a minor. That indictment was later dismissed due to technical errors. In March 2001, the grand jury issued the present indictment for corruption of a minor.
 {¶ 16} Hahn argues that the state had sufficient evidence to indict him for corruption of a minor when he gave his statement to Detective Schuck. He contends that any delay beyond that point was unjustifiable. According to Hahn, the state purposely prolonged its investigation in an effort to bring a higher level of charges against him.
 {¶ 17} We conclude that the state presented justifiable reasons for the delay. There is no rule requiring the state to indict a defendant as soon as he makes an inculpatory statement. The state is not required to take the defendant's inculpatory statement at face value; rather, it is entitled to investigate the truth of the assertions contained in the statement.
 {¶ 18} When Detective Schuck began investigating the incident, he was faced with two different versions of events. In his statement, Hahn indicated that he penetrated S.W.'s vagina with his fingers but it was consensual. According to S.W., however, she awoke to find Hahn above her and a pain in her vagina. In the time after Hahn gave his statement, the state continued its investigation of the incident to determine whether it had sufficient evidence to indict Hahn for rape. The record indicates that the delay in indicting Hahn resulted from this continued investigation. There is nothing in the record to indicate that the state intentionally delayed indicting Hahn in order to gain a tactical advantage over him. See Marion, 404 U.S. at 324. Thus, even if Hahn had demonstrated actual prejudice from the pre-indictment delay, the state presented a justifiable reason for the delay. Accordingly, Hahn's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, Hahn argues that his conviction for corruption of a minor is against the manifest weight of the evidence. Specifically, Hahn argues that the state did not present substantial evidence from which the jury could conclude that he was reckless regarding S.W.'s age.
 {¶ 20} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. If we find that the fact finder clearly lost its way, we must reverse the conviction and order a new trial. Id. We will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy, 84 Ohio St.3d 180, 193-94,1998-Ohio-533, 702 N.E.2d 866. We are also guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 21} The jury convicted Hahn of corruption of a minor in violation of R.C. 2907.04. R.C. 2907.04(A) provides: "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." Under R.C.2901.22(C), "[a] person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 22} Hahn contends that the state did not present evidence of S.W.'s appearance as it would have been near the time of the incident. He notes that the state did not introduce photographs to show how S.W. would have looked at the time. He also points out that the rape report did not refer to S.W.'s sexual maturity. He appears to argue that the jury could not have found him reckless regarding S.W.'s age without first seeing what S.W. looked like when she was fourteen. We reject this notion. While it may have been helpful for the jury to view S.W. as she appeared at the time of the offense, that evidence is not necessary for a conviction. There are other ways for the jury to determine that Hahn was reckless with regard to S.W.'s age.
 {¶ 23} S.W. was seventeen-years-old when she testified at the trial. She testified that she was fourteen-years-old and in the eighth grade when the incident occurred. According to S.W., she had not met Hahn before that night. Ms. Erb testified that Hahn was extremely drunk and was stumbling around in the trailer. In his statement, Hahn indicated that he does not recall speaking with the victim during the incident. He stated that he thought she was sixteen or seventeen-years-old. He was willing to engage in sexual contact with her without knowing anything about her. Moreover, he acknowledged that he knew it was wrong to engage in sexual contact with S.W. "because of her age." Based on Hahn's statement that he knew it was wrong "because of her age," the fact that he knew nothing about S.W. except that she was the babysitter, and he proceeded to have "consensual" sexual contact with a young stranger while intoxicated, we cannot say that the jury lost its way when it concluded Hahn was reckless regarding S.W.'s age. Taken together with Hahn's statement in which he admitted penetrating S.W.'s vagina with his fingers, we find that the state presented substantial evidence from which the jury could conclude that all the elements of corruption of a minor were met beyond a reasonable doubt. Accordingly, Hahn's second assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.